UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY L. COPELAND, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:15-CV-554 (CEJ) |
| ) | |
| CITY OF UNION, MISSOURI, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM AND ORDER

This matter is before the Court on the motion of the defendant City of Union, Missouri to dismiss plaintiff's complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded, and the issues are fully briefed.

## I. Background

Plaintiff Terry Copeland brings this action pursuant to 42 U.S.C. §1983 against the City of Union, Missouri. Plaintiff claims he was deprived of his right to due process under the Fourteenth Amendment (Count I) and he seeks a declaration, pursuant to Mo. Rev. Stat. § 527.010, that certain city ordinances conflict with state law and are void (Count II). The allegations supporting plaintiff's claims are as follows:

The defendant is a fourth-class city in Franklin County, Missouri, organized pursuant to Mo. Rev. Stat. § 79.010. At all relevant times, the city collector was an elected position.

On October 12, 2009, the defendant's board of aldermen passed Amending Ordinance 3493, authorizing the mayor to enter into an agreement with Franklin County by which the county would collect all real and personal property taxes on behalf of the city, beginning in 2010. Prior to the passage of the Ordinance 3493,

the authority to collect real and personal property taxes owed by city residents was vested in the city collector.

Also on October 12, 2009, the board of alderman passed Amending Ordinance 3494, which provided that the salary of the city collector for the term beginning in April 2010 would be $1.00, without any additional compensation or benefits. Under the city's ordinances, "[t]he office of City Collector shall be the primary full-time occupation of the holder thereof." *Code of Ordinances*, §125.380. The salary of the city collector prior to passage of Ordinance 3494 is not alleged.

On February 8, 2010, the city's board of aldermen passed Amending Ordinance 3521. This ordinance provided that (1) all real and personal property taxes owed to the city would be collected by Franklin County, beginning with the 2010 tax year; (2) the collection of other taxes, license fees, and all other monies owed to the city would be performed by the city administrator; (3) the collection of delinquent taxes and payments would be performed by the city administrator; (4) the city's finance officer would make an annual report to the board of aldermen with respect to monies collected by Franklin County and the city administrator; and (5) the city collector would perform only the duties assigned by the mayor, board of alderman, or the city administrator. The ordinance further provided that it would become effective "upon expiration of the current elected term of the Collector on or about April 12, 2010." *Code of Ordinances*, §3521.

On April 6, 2010, plaintiff was elected to the position of city collector. He was re-elected in April 2014, and plans to run for election again in April 2018. Plaintiff has complained to city officials that the amending ordinances unlawfully

2

eliminate all of the duties of the city collector, but the city has refused to repeal or change the ordinances.

Plaintiff claims that the city's enactment of ordinances that effectively eliminate the city collector position deprived him of his employment without due process. The defendant asserts that plaintiff's § 1983 claim is barred by the statute of limitations and that his allegations of a due process violation fail to state a claim.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (*citing Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002)); *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. *Id.* A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp.*, 550 U.S. at 570; *see also id.* at 563 ("no set of facts" language in *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## II. Discussion

### A. <u>Statute of Limitations</u>

Section 1983 does not establish a statute of limitations for claims, but borrows the personal injury statute of limitations of the state where the claim arose. *Mountain Home Flight Serv., Inc. v. Baxter Cnty., Ark.,* 758 F.3d 1038, 1044 (8th Cir. 2014). In Missouri, the limitations period for personal injury actions is five years. *Brown v. CRST Malone, Inc.,* 739 F3d 384, 387 (8th Cir. 2014); *See also* Mo. Rev. Stat. § 516.120(4). Relying on Mo. Rev. Stat. § 79.130, the Missouri statute governing enactment of ordinances, defendant argues that Ordinances 3493 and 3494 became effective on October 12, 2009 and Ordinance 3521 became effective on February 8, 2010, the dates on which they were signed.[1] Defendant argues that because plaintiff filed his complaint March 30, 2015, more than five years after the ordinances became effective, his § 1983 claim in Count I is time-barred.

The Court disagrees. By its own language, Ordinance 3521 did not become effective until "the expiration of the current elected term of the Collector on or about April 12, 2010." Also, the salary decrease under Ordinance 3494 was to begin with the collector's term commencing in April 2010. Plaintiff's complaint was filed less than five years after those dates. Further, plaintiff was not elected to the city collector position until April 6, 2010. Before his election, plaintiff could not have claimed a property interest in the collector position and could not have asserted a claim of deprivation due process by reason of the ordinances that

---

[1] Mo. Rev. Stat. § 79.130 provides, in relevant part: "No bill shall become an ordinance until it shall have been signed by the mayor or person exercising the duties of the mayor's office, or shall have been passed over the mayors, veto, as herein provided."

changed the duties of the position.  Therefore, Count I of the complaint is not barred by the statute of limitations.

### B. Due Process

In analyzing plaintiff's denial of due process claim, the Court must first determine whether there is a recognizable property interest at stake.  See, *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 571 (1972).  To succeed on a due process claim under § 1983, the plaintiff must show a "(1) violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right."  *McDonald v. City of St. Paul*, 679 F.3d 698, 704 (8th Cir. 2012).

In *Taylor v. Beckham*, 178 U.S. 548 (1900), the Supreme Court wrote, "public offices are mere agencies or trusts, and not property as such."  *Id.* at 576.  Later, in *Snowden v. Hughes*, 321 U.S. 1 (1944), the Court held that "an unlawful denial by state action of a right to state political office is not a denial of a right of property or liberty secured by the due process clause."  *Id*. at 7.  Neither *Taylor* nor *Snowden* has been overruled, although their reasoning has been challenged.  See *Abrahamson v. Neitzel*, ___ F.Supp.3d ___, 2015 WL 4635047 at *11-12 (W.D. Wis. 2015).   Plaintiff cannot contend that Missouri law conferred upon him a property interest in the city collector's position.  The Missouri Supreme Court has held that elected office holders have no contractual or vested right to a particular office.  *See State ex rel. Hall v. Vaughn*, 483 S.W.2d 396, 397 (Mo. banc 1972).  Specifically, "[p]ublic officers are created solely to meet the needs of the public and the incumbent has no contractual or vested right to the office."  *O'Neil v. Baine*, 568 S.W.2d 761, 768 (Mo. banc 1978) (quoting *Hall,* 483 S.W.2d at 397).

5

Even if there were a Fourteenth Amendment property interest in a public office, plaintiff's claim still fails. As alleged in the complaint, all of the changes to the city collector's salaries and duties became effective before plaintiff took office. There is no allegation of any diminution in salary or authority that occurred after plaintiff was elected. Plaintiff cannot claim a property interest in the position as it existed before he took office.

The complaint fails to allege facts sufficient to state a claim that plaintiff has been deprived of any property right in violation of due process. Therefore, plaintiff's § 1983 claim will be dismissed.

### C. State Law Claims

Because the claim on which federal jurisdiction is premised will be dismissed, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C § 1367.

*****

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [Doc. #8] is **granted**.

An separate order of dismissal will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2016.